No. 90-066

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF

NANCY JEANNE ERLER,

      Petitioner and Respondent,

      v.

MARK ANTHONY ERLER,

      Respondent and Respondent,

      and

LEONARD FARRELL THOMAS,

      Intervenor and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Leonard F. Thomas, Helena, Montana

      For Respondent:

      Ann L. Smoyer, Helena, Montana
      Randi M. Hood, Public Defender, Helena, Montana
      J. Cort Harrington, Jr., Helena, Montana

Submitted on Briefs:  June 7, 1990

Decided:

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant Leonard Thomas appeals from the order of the District Court of the First Judicial District, Lewis and Clark County, which denied appellant's motions for determination of unconscionable clause, imposition of penalty for deceit, relief from order, and Rule 11 sanctions. We affirm.

The sole issue is whether the District Court abused its discretion in denying appellant's motions.

Appellant is the former husband of respondent, Nancy Jeanne Erler. While married, appellant and Nancy had one child, Robin. Appellant and Nancy were separated in 1979, at which time Robin was approximately one year old, and were subsequently divorced. At the time of dissolution, Nancy was granted custody of Robin and appellant was granted visitation rights "upon request."

From 1980 until August of 1988, appellant had very little contact with Robin. During this period of time, Nancy married respondent, Mark Erler, with whom she had a child, J.E.

In February of 1988, Mark and Nancy filed a joint petition for dissolution of their marriage. As a result of this dissolution, Mark and Nancy entered into a property, custody and support agreement which included support, custody, and visitation of both J.E. and Robin. In the agreement, Mark was given visitation rights with both children. The District Court incorporated this agreement into the decree of dissolution.

Approximately one year later appellant moved to intervene in the dissolution action. The District Court granted the motion. Appellant then filed a motion seeking to relieve Mark and Nancy of their obligation to abide by the provisions of the agreement relating to Robin, and to declare those terms of the agreement relating to Robin unconscionable.

The agreement that appellant contests does not affect appellant's visitation rights in any way. As a result, he has no basis for altering the order. Additionally, such agreement is in the best interest of Robin. The District Court correctly denied appellant's motions.

Affirmed. Let remittitur issue forthwith. See Rules 34 and 35, M.R.App.P.

Pursuant to Section I, Par. 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to West Publishing Company.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

3